

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2004

# USA v. Dodd

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2062

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Dodd" (2004). *2004 Decisions*. Paper 712.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/712

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2062
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER DODD,
*Appellant*

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Nos. 99-cr-00077-1 and 99-cr-00503-1)
District Judges: Honorable Herbert J. Hutton, Honorable Jay C. Waldman
_____

Submitted Under Third Circuit LAR 34.1(a)
May 4, 2004
Before: SLOVITER, FUENTES and BECKER, *Circuit Judges*

(Filed  May 12, 2004)

_____

OPINION
_____

BECKER, *Circuit Judge.*

Christopher Dodd appeals from a judgment in a criminal case following his

bargained-for pleas of guilty to two counts of being a felon in possession of a firearm, 18

U.S.C. § 922(g)(1). Defendant's sole challenge is to the imposition of a two point upward adjustment for reckless endangerment during flight pursuant to § 3C1.2 of the Sentencing Guidelines. We will affirm.

First, in his guilty plea agreement, Dodd stipulated to the enhancement, i.e., that he had recklessly created a substantial risk of death or serious bodily injury to another person on two occasions, while fleeing from police officers. We have held that a defendant who has entered into a guilty plea agreement may not object to his stipulations on appeal. *United States v. Cianci*, 154 F.3d 106 (3d Cir. 1998). The fact that the District Court resolved this aspect of the matter by reference to the oft-quoted Canadian culinary rule—"what's sauce for the goose is sauce for the gander"—was obviously a shorthand manner of expression and does not undermine the District Court's determination.

Second, even if Dodd had not so stipulated, the record fully supports the enhancement. His attempt, on November 15, 1998, to retrieve a gun from his waistband while wrestling with the officers was conduct which could have resulted in the death of one or both officers, or an innocent bystander. Additionally, Dodd's conduct on April 29, 1999, when, while running from the officers, he threw a 9 millimeter Intratec semiautomatic pistol on the pavement loaded with seven rounds of ammunition, creating the risk that the gun could have accidentally fired thereby severely wounding or killing the officers or an innocent bystander, was also reckless and dangerous. Under these circumstances, the District Court clearly did not err in applying the two-level

2

enhancement for reckless endangerment in computing Dodd's sentencing guidelines range.

The judgment of the District Court will be affirmed.